**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Omar Brown, Appellant,

v.

South Carolina Criminal Justice Academy, Respondent.

Appellate Case No. 2025-001354

———————

Appeal From The Administrative Law Court
Robert L. Reibold, Administrative Law Judge

———————

Unpublished Opinion No. 2026-UP-346
Submitted June 1, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

Adam Sinclair Ruffin, of Ruffin Law Firm, LLC, of Columbia, for Appellant.

Rebecca Suzanne Williams, of the South Carolina Criminal Justice Academy, of Columbia, for Respondent.

———————

**PER CURIAM:** Omar Brown appeals an order of the Administrative Law Court (ALC) affirming the final decision of the South Carolina Criminal Justice Academy (SCCJA) that permanently denied him a law enforcement certification. On appeal, Brown argues the ALC erred when it found (1) the North Charleston Police Department (the Department) did not violate Brown's due process rights

when it refused "to provide him with the evidence it intended to use against him prior to his contested case hearing," and (2) SCCJA's Hearing Officer properly excluded a witness's prior inconsistent statement. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the ALC did not err by finding the Department did not violate Brown's due process rights when it refused to provide him with copies of his and two witnesses' interviews. *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *id.* ("The ALC's order should be affirmed if supported by substantial evidence in the record."); *Tennant v. Beaufort Cnty. Sch. Dist.*, 381 S.C. 617, 620, 674 S.E.2d 488, 490 (2009) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."). Initially, we find Brown failed to properly subpoena the interviews for the hearing despite having this procedure available to him. *See Zaman v. S.C. State Bd. of Med. Exam'rs*, 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991) ("One cannot complain of a due process violation if he has recourse to a constitutionally sufficient administrative procedure but merely declines or fails to take advantage of it."). Nevertheless, even if Brown properly subpoenaed the interviews, and the Department improperly denied his requests, we hold Brown's rights were not substantially prejudiced. *See Brown v. S.C. State Bd. of Educ.*, 301 S.C. 326, 329, 391 S.E.2d 866, 867 (1990) ("[T]he evidence used to prove the State's case must be disclosed to the individual so that he or she has an opportunity to show it is untrue."); S.C. Code Ann. § 1-23-380(5)(a) (Supp. 2025) (stating that on appeal under the South Carolina Administrative Procedure Act, the reviewing court may reverse the decision "if substantial rights of the appellant have been prejudiced because the administrative findings . . . are . . . in violation of constitutional or statutory provisions"). The Department did not introduce the witnesses' interviews at the hearing, Brown had knowledge of what happened and what was said in his own interview, and Brown was permitted to cross-examine the witnesses and call them during his case-in-chief. *See Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 64, 492 S.E.2d 62, 69 (1997) (holding that any error in a hearing committee's denial of the appellant's request to subpoena evidence did not substantially prejudice him because there was no indication that his inability to obtain the evidence "substantially hindered his ability to respond to the charges against him" and he "took full advantage of the opportunity to cross-examine the witnesses" at his termination hearing).

2. We hold the ALC did not err in finding the Hearing Officer properly excluded evidence of a witness's alleged prior inconsistent statement. *See Major*, 384 S.C. at 464, 682 S.E.2d at 799 ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *id.* ("The ALC's order should be affirmed if supported by substantial evidence in the record."); *Tennant*, 381 S.C. at 620, 674 S.E.2d at 490 ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."). We hold the Hearing Officer properly excluded the evidence because Rule 608(b) of the South Carolina Rules of Evidence prohibited Brown from proving the witness's specific instance of misconduct—allegedly lying on an affidavit—with extrinsic evidence. *See* Rule 608(b), SCRE ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness'[s] credibility, other than conviction of crime as provided in Rule 609 [of the South Carolina Rules of Evidence], may not be proved by extrinsic evidence."). Further, we hold the extrinsic evidence of an alleged prior inconsistent statement would not have been admissible under Rule 613(b) of the South Carolina Rules of Evidence here because Brown failed to lay the proper foundation and the witness admitted the substance of the prior inconsistent statement. *See* Rule 613(b), SCRE ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement."); *id.* ("[I]f a witness admits making the prior statement, extrinsic evidence that the prior statement was made is inadmissible.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.